IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Don Boyd, | ) | C/A No. 3:15-4791-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bluestein, Nichols, Thompson, and Delgado, LLC; John S. Nichols *(individually)*; State of South Carolina; J. Emory Smith, Jr. *(individually)*; Katherine Bradacs; Tracie Goodwin; The United States of America *(United States District Court for the District of South Carolina)*; The United States of America, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Don Boyd, proceeding *pro se*, brings this action alleging a violation of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

Plaintiff alleges a conspiracy by the defendants to "insulate" the "Gay Agenda" during the litigation of a case in this court. (ECF No. 1 at 5-6; see also Bradacs v. Haley, 58 F. Supp. 3d 514, 530 (D.S.C. 2014) (finding that South Carolina's denial of legal recognition to the marriages of same-sex couples married in other states violates the Fourteenth Amendment)). Plaintiff indicates that he sought to intervene in the Bradacs case, but was not allowed to do so. (ECF No. 1 at 7.) Plaintiff complains that Defendants Katherine Bradacs and Tracie Goodwin, "instructed or assisted"

Page 1 of 10

*PJG*

their lawyer, Defendant John S. Nichols, and his law firm, Defendant Bluestein, Nichols, Thompson, and Delgado, LLC, "in concealing and distorting facts before the court." (Id. at 13.) Plaintiff further claims that Defendant Nichols and Defendant J. Emory Smith, Jr., identified as a South Carolina Deputy Solicitor General representing the State of South Carolina in the Bradacs case, refused to deliver Plaintiff's "court responses" to the Clerk of Court. (Id. at 2, 10-12.) Plaintiff complains of decisions made in the Bradacs case by the Honorable J. Michelle Childs, United States District Judge, but indicates that she is not a captioned defendant in the instant action. (Id. at 3.) Plaintiff seeks monetary damages and asks this court to overturn the judgment in the Bradacs case.[1] (Id. at 14-15.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's

---

[1] Final decisions of United States district courts are appealable in the United States courts of appeals, and final decisions of federal appellate courts are reviewed by the United States Supreme Court. See 28 U.S.C. §§ 1254, 1291. Thus, the court notes that it lacks jurisdiction to review decisions made by Judge Childs in the Bradacs case.



allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

Plaintiff alleges a violation of his constitutional rights by the defendants. (ECF No. 1 at 14.) A plaintiff may assert a violation of his constitutional rights against state officials under 42 U.S.C. § 1983, which "is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To the extent Plaintiff names the federal government in this case, his claims are evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal

constitutional rights. See Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006).[2]

To state a claim under § 1983 or Bivens, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. West v. Atkins, 487 U.S. 42, 48 (1988).

### 1. No State or Federal Action—Defendants Bluestein, Nichols, Thompson, and Delgado, LLC; John S. Nichols; Katherine Bradacs; and Tracie Goodwin

As indicated above, a defendant must act "under color" of state or federal law to be amenable to suit under § 1983 or Bivens. West, 487 U.S. at 48. While "[a]nyone whose conduct is 'fairly attributable to the state' [or federal government] can be sued as a state [or federal] actor," Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012), purely private conduct, no matter how wrongful, is not actionable under § 1983 and the United States Constitution. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). In determining whether state or federal action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).

---

[2] A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions. See Harlow v. Fitzgerald, 457 U.S. 800, 818 n.30 (1982); see also Ajaj v. United States, 479 F. Supp. 2d 501, 535 (D.S.C. 2007); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310 n.8 (M.D. Ala. 2001) ("[I]n analyzing Plaintiffs' Bivens claims, the court shall refer interchangeably to cases decided under both § 1983 and Bivens.").



In this case, Defendants Bradacs and Goodwin are identified as private individuals who brought a civil action in this court, and Defendant Nichols and his law firm allegedly represented Defendants Bradacs and Goodwin in that lawsuit. (ECF No. 1 at 1-2.) However, Plaintiff provides no factual allegations to plausibly suggest that any of these defendants are federal or state actors amenable to suit under Bivens or § 1983.

Moreover, to the extent Plaintiff attempts to attribute state or federal action to these defendants by alleging that they conspired with the United States of America, the United States District Court for the District of South Carolina, or J. Emory Smith, Jr., to violate Plaintiff's constitutional rights, such a claim must fail. Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. See Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995). The factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. See Hinkle v. City of Clarksburg, 81 F.3d 416, 421-22 (4th Cir. 1996).

In this case, Plaintiff provides no concrete facts to plausibly suggest that any of the defendants named in this case came to a mutual understanding, or acted jointly to deprive Plaintiff of a constitutional right. Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009); see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, the reviewing court need only accept as true the complaint's



factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79. As Plaintiff fails to plausibly assert a conspiracy claim, see Hinkle, 81 F.3d at 421, or plausibly allege state or federal action by Defendants Bradacs, Goodwin, Nichols, and Bluestein, Nichols, Thompson, and Delgado LLC, see West, 487 U.S. at 48, these defendants are entitled to summary dismissal.

 2.  **Sovereign Immunity—United States District Court for the District of South Carolina and United States of America[3]**

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Bivens did not abolish the doctrine of sovereign immunity of the United States. Any remedy under Bivens is against federal officials individually, not the federal government."). Thus, the United States District Court for the District of South Carolina and the United States of America are

---

[3] Judge Childs is not listed in the Complaint's caption or "parties" section as a separate defendant in this case. However, to the extent Plaintiff intended to raise his constitutional claims against Judge Childs, it is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Accordingly, the court notes that Judge Childs would be entitled to summary dismissal from any of the claims raised in this case.



immune from Plaintiff's constitutional claims.[4]  See Garner v. U.S. Dist. Court of S.C., C/A No. 3:08-3913-TLW-JRM, 2009 WL 2192664, at *3 (D.S.C. July 21, 2009) (accepting report and recommendation holding that federal courts are protected by sovereign immunity).  Accordingly, these defendants are entitled to summary dismissal from this action.

### 3.    Eleventh Amendment Immunity—State of South Carolina and J. Emory Smith, Jr.

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies, instrumentalities, officials, and employees.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that claims against a state official for actions taken in an official capacity are tantamount to a claim against the state itself).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity

---

[4] While Plaintiff has named this court as a defendant, he does not allege any personal bias or prejudice on the part of the assigned Magistrate Judge and District Judge in this case, which might require recusal under 28 U.S.C. § 455.  Moreover, even if Plaintiff had alleged factors in favor of recusal under § 455, the common law "rule of necessity" permits a judge to hear a case where a litigant sues all the judges of the district.  See United States v. Will, 449 U.S. 200, 214 (1980) ("[I]t is well established that actual disqualification of a member of a court . . . will not excuse such member from performing his official duty if failure to do so would result in a denial of a litigant's constitutional right to have a question, properly presented to such court, adjudicated.") (quoting State ex rel. Mitchell v. Sage Stores Co., 143 P.2d 652, 656 (Kan. 1943)); see also Glick v. Edwards, 803 F.3d 505, 509 (9th Cir. 2015) (holding that the "reasoning and rationale" of the "rule of necessity" is equally applicable to district judges where "every judge of a tribunal would otherwise be disqualified"); Umphreyville v. U.S. Dist. Court for the W. Dist. of Virginia, 546 F. App'x 275 (4th Cir. 2013) ("Although this court has been named as a defendant-appellee in this action, we exercise our discretion to decide the appeal pursuant to the Rule of Necessity.").



of a state, neither of those exceptions applies in the instant case.[5]  Therefore, Plaintiff's constitutional claims seeking damages against Defendants State of South Carolina and Defendant Smith, in his official capacity as Deputy Solicitor General, are barred by the Eleventh Amendment.[6]

### 4.     Individual Capacity Claim—J. Emory Smith, Jr.

Plaintiff also names Defendant Smith individually in this case for a violation of Plaintiff's right to due process and equal protection under the Fourteenth Amendment.[7]  (ECF No. 1 at 1-2, 14.) The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "In order to advance a due process claim, [a plaintiff] must first establish that he had a property or liberty interest at stake."  Smith v. Ashcroft, 295 F.3d 425, 429 (4th Cir. 2002).  Moreover, "[t]o succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."  Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

---

[5] Congress has not abrogated the states' sovereign immunity under § 1983.  See Quern v. Jordan, 440 U.S. 332, 343 (1979).  Further, South Carolina has not waived immunity for § 1983 claims.  See S.C. Code Ann. § 15-78-20(e).

[6] While state officials can be sued for prospective injunctive relief, see Ex parte Young, 209 U.S. 123 (1908), Plaintiff fails to seek such relief against Defendant Smith in this case.  Moreover, the court notes that Defendant Smith is named as a Deputy Solicitor General and sued for actions taken as a legal advocate for the State in the Bradacs case.  See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (holding that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity").

[7] "[T]he Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983."  Haver v. Melo, 502 U.S. 21, 31 (1991) (internal quotation marks and citation omitted).



In the instant action, Plaintiff asserts that his motion to intervene in the Bradacs case was denied on November 18, 2014. (ECF No. 1 at 7; see also ECF No. 1-1 at 29-32.) Plaintiff alleges that Defendant Smith, as Deputy Solicitor General and an officer of the court, failed or refused to deliver Plaintiff's "facsimile transmission" of his "court response to the office of the Clerk of Court" on December 1, 2014 and December 8, 2014. (ECF No. 1 at 10-13; see also ECF No. 1-1 at 1-13, 33-40.) As Plaintiff states that he was not a party in the Bradacs case when Defendant Smith allegedly refused to forward Plaintiff's documents to the Clerk of Court, he fails to plausibly suggest the implication of a protected liberty interest arising out of Defendant Smith's actions. Smith, 295 F.3d at 429; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Moreover, Plaintiff fails to plausibly assert that Defendant Smith treated Plaintiff differently from others with whom he is similarly situated, or that Plaintiff was treated unequally as the "result of intentional or purposeful discrimination." Morrison, 239 F.3d at 654. Accordingly, Plaintiff's due process and equal protection claims against Defendant Smith in his individual capacity are also subject to summary dismissal.

**III.   Conclusion**

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
January 28, 2016                              Paige J. Gossett
Columbia, South Carolina                 UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).