IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Don Boyd,<br><br>        Plaintiff,<br><br>v.<br><br>Bluestein, Nichols, Thompson, and Delgado, LLC; John S. Nichols (individually); State of South Carolina; J. Emory Smith, Jr. (individually); Katherine Bradacs; Tracie Goodwin; The United States of America (United States District Court for the District of South Carolina); The United States of America,<br><br>        Defendants. | C/A No. 3:15-4791-JFA<br><br><br><br>**ORDER** |

Don Boyd ("Plaintiff") filed this *pro se* action alleging a violation of his civil rights. Plaintiff seeks monetary damages and asks this Court to overturn Judge Childs' decision in *Bradacs v. Haley*, 58 F. Supp. 3d 514 (D.S.C. 2014). (ECF No. 1). Plaintiff's suit alleges a conspiracy by all defendants in this case to "insulate" the "Gay Agenda" during the litigation of a case in this Court.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Complaint in this case without prejudice and without issuance and service of process. (ECF No. 12). The Report sets

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on January 28, 2016. Plaintiff filed a response to the report on February 19, 2016, but failed to make any specific objections to the report. (ECF No. 15). Instead of making specific objections to the Report's findings, Plaintiff seems to restate many of the allegations from his initial Complaint in an extremely vague and convoluted manner. When Plaintiff attempted to address the substantive findings of the Report, he stated that the Magistrate was disjointed and unclear in what she tried to state in the Report to the point where he could not fairly be expected to respond.

This Court wholly disagrees with this contention by Plaintiff. The Magistrate in this case clearly stated, in an organized manner, the applicable laws in this case and correctly applied those laws to the facts. Plaintiff cannot bypass his obligation to specifically object to the Magistrate's findings by merely stating that the Magistrate was unclear to the point where he could fairly be expected to respond. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 12). Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

    IT IS SO ORDERED.

March 31, 2016　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge